```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| CARLOS VELEZ-MIRANDA,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMONWEALTH OF PUERTO RICO, et al.,<br><br>    Defendants. | Civil No. 13-1371 (PG) |

**OPINION AND ORDER**

Carlos Vélez-Miranda asserts that his employer refused to provide reasonable accommodations for an injury he sustained in a workplace accident.  We grant the defendants' motion to dismiss.

## I.
## Background

Vélez-Miranda works for the Institute of Forensic Sciences (IFS), a crime-scene investigatory agency of the Commonwealth of Puerto Rico.

In October 2009, Vélez-Miranda injured his back and shoulder while maneuvering a stretcher at a crime scene.  After reporting his injury to the State Insurance Fund, Vélez-Miranda was ordered to rest.  The Insurance Fund later authorized Vélez-Miranda to continue working during his recuperation and treatment.  While he ultimately returned to work, Vélez-Miranda's ongoing back and shoulder pain prevented him from fulfilling his full range of duties.

On July 12, 2010, medical Specialists from the Insurance Fund sent a letter to IFS recommending reasonable accommodations for Vélez-Miranda.  On September 20, 2010, Vélez-Miranda filed an internal IFS administrative petition for accommodation for his back and shoulder

pain. This petition went unanswered. On October 13, 2010, Vélez-Miranda wrote a letter to the director of human resources at IFS explaining his request for accommodation and IFS' failure to respond to his previous internal petition. On March 4, 2011, Vélez-Miranda received written notification from the executive director of IFS that he would be eligible to receive personnel support in fulfilling his full range of duties as long as he continued to receive medical treatment for his back and shoulder pain.

On May 13, 2013, Vélez-Miranda filed suit for violations of the Americans with Disability Act, Puerto Rico Act 44 and Article 1802 of the Puerto Rico Civil Code. (Docket No. 1.) The Commonwealth of Puerto Rico moved to dismiss. (Docket No. 16.) Fernando J. Pacheco, sued in his individual capacity, moved for joinder to the Commonwealth's motion to dismiss. (Docket No. 18.) We grant the motions.

## II.
## Legal Standard

A plaintiff's complaint will survive a motion to dismiss if it alleges sufficient facts to establish a plausible claim for relief. See Fed.R.Civ.P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In assessing a claim's plausibility, the court must construe the complaint in the plaintiff's favor, accept all non-conclusory allegations as true, and draw any reasonable inferences in favor of the plaintiff. Marrero-Rodriguez v. Municipality of San Juan, 677 F.3d 497, 500 (1st Cir. 2012) (citation omitted).

### III.
### Discussion

The defendants argue that Vélez-Miranda's suit against the Commonwealth is barred by Eleventh Amendment immunity. (Docket No. 16 at 6.) We agree.

The Eleventh Amendment of the United States Constitution bars suits in federal courts by private parties seeking damages that would be paid from the state treasury. Quern v. Jordan, 440 U.S. 332, 337 (1979). The Supreme Court has held that principles of sovereign dignity, inherent in the Constitution itself, extend states' immunity beyond the textual boundaries of the Eleventh Amendment to include immunity from suits by a state's own citizens. Alden v. Maine, 527 U.S. 706, 727-29 (1999). Immunity extends to state agencies and their officials when the agency or institution is characterized as an arm or alter ego of the state or when it should be treated instead as a political subdivision of the state. Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977); see also Frensenius Medical Care Cardiovascular Resources, Inc. v. Puerto Rico and Caribbean Cardiovascular Center Corp., 322 F.3d 56, 63 (1st Cir.2003) (twin goals of the Eleventh Amendment—protection of the state's treasury and of its dignitary interests—explicitly govern the arm-of-the-state analysis.). Furthermore, the Supreme Court has decided that neither a state nor its agencies are "persons" susceptible to being sued under Section 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989); Quern, 440 U.S. at 339-42. For the purposes of Eleventh Amendment analysis, the Commonwealth of Puerto

Rico is treated as if it were a state. Díaz–Fonseca v. Puerto Rico, 451 F.3d 13, 33 (1st Cir.2006).

Eleventh Amendment immunity is subject to two limitations: (1) a state may waive its immunity and consent to be sued in federal court, see, e.g., Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238, (1985); and (2) Congress may abrogate the states' sovereign immunity by passing legislation in exercise of its power to enforce the rights guaranteed by the Fourteenth Amendment, see, e.g., Seminole Tribe v. Florida, 517 U.S. 44, 55 (1996).

Here, the defendants are correct in asserting Eleventh Amendment immunity as a bar to Vélez-Miranda's suit seeking money damages from the Commonwealth of Puerto Rico and several of its agents.  First, the Commonwealth of Puerto Rico has not waived its immunity nor has it consented to suit.  Second, the Supreme Court has held that Congress may not abrogate the states' Eleventh Amendment immunity under Title I of the ADA—expressly barring suits seeking money damages by private individuals against states. See, e.g., Bd. of Trustees of the Univ. of Alabama v. Garrett, 531 U.S. 356, 368-74 (2001); see also Torres-Alamo v. Puerto Rico, 502 F.3d 20, 24 (1st Cir. 2007).

Vélez-Miranda has also brought suit against several employees of IFS.  However, Title I of the ADA, like Title VII of the Civil Rights Act, addresses the conduct of employers only and does not impose liability on co-workers or fellow employees. Roman-Oliveras v. Puerto Rico Elec. Power Authority, 655 F.3d 43, 50-2 (1st Cir. 2011). Because the First Circuit has held that the ADA does not provide for individual liability, only for employer liability, the employees of

IFS sued in their individual capacities cannot be held liable for any violation of the ADA.

Finally, Vélez-Miranda alleges violations of rights afforded by Commonwealth law and the Puerto Rico Civil Code. Specifically, Vélez-Miranda alleges violations of Act 44 and Article 1802 of the Puerto Rico Civil Code.

We have discretion to decline supplemental jurisdiction over the remaining Commonwealth law claims, since we have dismissed all of the claims over which we have original jurisdiction. See 28 U.S.C. § 1367(c)(3); see also United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) ("if the federal law claims are dismissed before trial ... the state claims should be dismissed as well). In exercising our discretion under § 1367(c), we must consider the issues of "judicial economy, convenience, fairness, and comity." Che v. Massachusetts Bay Transp. Authority, 342 F.3d 31, 37 (1st Cir.2003). Having considered these factors, we decline to exercise supplemental jurisdiction over Vélez-Miranda's Commonwealth law claims, and we dismiss them without prejudice.

## IV.
## Conclusion

For the foregoing reasons, we **GRANT** the defendants' motion to dismiss.  (Docket No. 16.)  We **GRANT** Fernando J. Pacheco's motion for joinder.  (Docket No. 18.)  The plaintiff's claims pursuant to ADA are hereby **DISMISSED WITH PREJUDICE**.  The plaintiff's Commonwealth law claims are **DISMISSED WITHOUT PREJUDICE**.

**IT SO ORDERED.**

**In San Juan, Puerto Rico, August 15, 2014.**

                                          **S/ <u>JUAN M. PÉREZ-GIMÉNEZ</u>**
                                          **JUAN M. PÉREZ-GIMÉNEZ**
                                          **UNITED STATES DISTRICT JUDGE**